# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE (BIG STONE GAP) DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 16-71153 |
| DENNIS MORTON HUNLEY, III ) | |
| SYNTHIA MAE HUNLEY, ) | Chapter 7 |
| ) | |
| Debtors. ) | |
| SAMANTHA COWARD ) | |
| ) | |
| Movant ) | |
| v. ) | **AMENDED MOTION FOR** |
| ) | **RELIEF OF AUTOMATIC STAY** |
| DENNIS MORTON HUNLEY, III, ) | |
| SYNTHIA MAE HUNLEY, and ) | |
| WILLIAM E. CALLAHAN, JR., TRUSTEE ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on a Notice of Objection to Claim and an Amended Motion for Relief of Automatic Stay ("Motion for Relief" or "Amended Motion") filed by Samantha Coward ("Coward") against the Debtors, Dennis Morton Hunley, III and Synthia Mae Hunley (the "Debtors"). These matters were heard on January 17, 2017, at which point the Court requested the parties submit briefs on the issues presented. They have done so, and the matter is ripe for resolution without further hearing. For the reasons stated below, the Court will deny the Amended Motion for Relief and dismiss Coward's Objection to Claim.

### FACTUAL BACKGROUND

The Debtors filed their petition under Chapter 7 of the Bankruptcy Code on August 30, 2016. The Debtors' original schedules did not disclose an action pending against the Debtors in Wise County Circuit Court, in which Coward is seeking damages arising out of an adoption

dispute pertaining to Coward's newborn son.  On August 30, 2016, the Court issued its Notice of Chapter 7 Bankruptcy Case (the "Notice of Filing"), which set forth the deadline to file a dischargeability complaint as November 22, 2016.  This notice stated "You must file a complaint . . . if you want to have a debt excepted from discharge under 11 U.S.C. § 523(a)(2), (4), or (6)." (Docket No. 6).  The Section 341 Meeting of Creditors occurred on September 23, 2016.  On September 26, 2016, the Chapter 7 Trustee filed a report of no distribution.  On October 21, 2016, the Debtors amended their creditor matrix to add Coward as an unsecured creditor in an unknown amount.  Debtors' counsel then mailed notice of the amendment to Coward in care of her attorney, along with a copy of the Court's Notice of Filing, which contained the November 22, 2016 deadline for filing a dischargeability complaint.[1]

On November 22, 2016, Coward filed two pleadings.  The first was a "Motion for Relief of Stay."  (Docket No. 20).  The one paragraph motion stated that "[t]he creditor, Samantha Coward, has alleged conduct that is not dischargeable.  See Plaintiff's Amended Complaint attached hereto."  Coward's motion contained no prayer for relief and was not set for a hearing, and the Court issued a deficiency notice dated November 23, 2016.  (Docket No. 23).  On November 30, 2016, Coward filed an "Amended Motion for Relief of Automatic Stay" to address the deficiency notice, and set the matter for hearing.  (Docket No. 27).  The Amended Motion added a prayer for relief which provided that "Movant prays that the Court enter an Order granting relief from the automatic stay, and to allow the Movant to exercise and enforce all her rights and remedies against the Debtor as a Creditor, and for any such relief to which

---

[1] The October 21, 2016 notice of amendment filed by the Debtors contains the following certification from their counsel:  "I further certify that a true copy of this Notice was duly mailed on 10-21-16 to the Court, debtor, trustee, U.S. Trustee, and, if the § 341(a) creditors' meeting notice has been issued, to the above-named creditors, which notice of amendment to said creditors shall include a copy of the § 341(a) creditors' meeting notice, proof of claim form, and order of discharge, as applicable."  The "§ 341(a) creditors' meeting notice" and Notice of Filing are the same document just differently described.

2

Movant may show herself justly entitled, either by law or in equity."[2]  While Coward appears to request that the Court lift the stay to allow Coward to continue with her case against the Debtors in state court, no fair reading of the Amended Motion reflects that this Court is being asked to determine the dischargeability of the debt Coward contends the Debtors owe her.

The same day the motion for relief was filed, November 22, 2016, Coward also filed a "Notice of Objection to Claim," which stated that "Samantha Coward has filed an objection to your claim in this bankruptcy case."  This document is nonsensical.  The form Coward used, Official Form 20B, is used to object to proofs of claim.[3]  The Debtors have filed no such claim in this case.

On November 23, 2016, the Court entered an Order discharging both Debtors.  On December 12, 2016, the Debtors responded to Coward's Motion for Relief, denying the allegations contained therein.  The Debtors amended their response on January 12, 2017 to state that Coward had failed to properly raise an exception to discharge prior to the deadline to file such a complaint.  The Court held a hearing on the matter on January 17, 2017, and requested that each party submit briefs on the issue.  The parties have each done so.  By Order entered January 17, 2017, the Court continued the matter to March 21, 2017, but reserved the right to rule on the matter prior to the continued hearing date.

---

[2] Coward filed suit against both the female and the male debtor in state court.  Yet, she refers to them in the stay relief motion, as amended, collectively as one "Debtor."

[3] The instructions to Official Form 20B available on the Court's website provided, in part, as follows: "Official Form 20B, Notice of Objection to Claim, is intended to provide creditors and other claimants with a uniform, plain English explanation of what they must do to respond to objections to their claims."  Official Form 20B was superseded on December 1, 2016.

3

CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. This Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A) and (I).

Federal Rule of Bankruptcy Procedure 4007(c) states that:

> a complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

Fed. R. Bankr. P. 4007(c).

The Section 341 Meeting of Creditors took place on September 23, 2016. The deadline to file a complaint to determine the dischargeability of a debt under Section 523(c) was November 22, 2016. The Debtors' Schedules and Creditor Matrix were amended on October 21, 2016 to add Coward as a creditor, with the amendment and Notice of Filing containing the deadline for filing a dischargeability complaint mailed to Coward's counsel the same date. This was more than thirty (30) days prior to the November 22, 2016 deadline within the scope of Bankruptcy Rule 4007(c).[4] No motion to extend the deadline by which to file a complaint was filed. Instead, Coward now asks the Court to construe her Motion for Relief as an informal proof of claim and to allow her to file a dischargeability complaint that relates back to the date she filed her Motion for Relief.

---

[4] Bankruptcy Rule 4007(c) sets a hard deadline, and Coward would gain no benefit from Bankruptcy Rule 9006(f). *See e.g.*, *In re Zerr*, 180 B.R. 281 (D. Kan. 1995). Even if three days were added for service of the notice by mail pursuant to Bankruptcy Rule 9006(f), Coward filed no appropriate pleadings within that additional three-day time frame.

4

It is unclear why Coward is seeking the Court to treat her Motion for Relief as an "informal proof of claim." It appears that Coward believes that the claims bar deadline has passed. This is a no-asset case, and as such the Clerk directed creditors not to file proofs of claim in its Notice of Filing. If it later appears that there are, in fact, assets available for distribution to creditors, then a deadline by which proofs of claim must be filed will be set. Accordingly, the Court sees no reason to treat the Motion for Relief as an "informal proof of claim."

Coward relies upon *Calendario v. Pagan* (*In re Pagan)*, 282 B.R. 735 (Bankr. D. Mass. 2002), in support of her request to allow her to file a dischargeability complaint that relates back to the date of the Motion for Relief. In that case, a creditor proceeding *pro se* filed a pleading entitled "Objection to Discharge" the day before the deadline to file a dischargeability complaint. *Id.* at 737. The court addressed the split of authority on this issue, citing cases that have held that an untimely dischargeability complaint relates back to a timely contested matter captioned "Objection to Discharge." *Id.* at 739 (collecting cases). However, the court also recognized that "courts have declined to allow a belated complaint objecting to discharge to relate back to a motion for relief from stay filed within the objection period, where the original pleading was not sufficiently related to the complaint so as to give notice to the debtor of the objection to discharge." *Id.*

The court in *Pagan* applied a two-part test enumerated by the Ninth Circuit Bankruptcy Appellate Panel to determine whether an untimely adversary proceeding will relate back to a timely filed contested matter. The first step of this inquiry is to determine whether the initial filing provided the debtor with "fair notice of the creditor's claim and the grounds therefor." *Id.* at 740 (citing *O'Loughlin v. Nat'l R.R. Passenger Corp.*, 928 F.2d 24, 26 (1st Cir. 1991)). In

5

addition, the initial filing must comply with the pleading standards of Federal Rule of Bankruptcy Procedure 7008 by including "both a short statement of the objector's claim showing that the pleader is entitled to relief and a request for relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Second, the claim to be asserted in the untimely adversary proceeding "must 'arise from the same conduct, transaction, or occurrence'" as the initial filing. *Id.* (quoting *Gschwend v. Markus (In re Markus)*, 268 B.R. 556, 562 (9th Cir. BAP 2001)). Ultimately, the court allowed the creditor to initiate an adversary proceeding that was deemed to relate back to the date of the timely filed contested matter.

The Court is not persuaded that the Motion for Relief provided the Debtors with fair notice of the creditor's claim nor the grounds therefor. The Motion—which, unlike the scenario in *Pagan*, was prepared by an attorney—summarily states that the creditor "has alleged conduct that is not dischargeable." The Motion does not cite any provision of the Bankruptcy Code or otherwise allege any specific reason as to why the debt is nondischargeable. The prayer for relief contained in the Amended Motion (which was filed out of time—the original Motion filed on November 22, 2016 had no prayer for relief) asks the Court to allow the creditor to proceed with the state court action and does not mention a request to determine the dischargeability of the debt. *See In re Kennerley*, 995 F.2d 145, 146–47 (9th Cir. 1993) ("At the outset, we reject Allred's argument that his Motion For Relief From Automatic Stay was a valid complaint to determine dischargeability under § 523(c). Neither the motion to lift the automatic stay nor the notice of the motion mentioned § 523(c), nor did they indicate that Allred was seeking to have the dischargeability of the debt decided at that time.").

Coward and her attorney received the Court's Notice of Filing, which clearly stated both the deadline to object to discharge and the requirement to file a complaint to except certain debts

6

from discharge under Section 523. That deadline was November 22, 2016. Rather than filing such a complaint, Coward filed a Motion for Relief and an Objection to Claim. Even giving those filings the benefit of the doubt, neither filing can be construed as a dischargeability complaint for the reasons stated above, and neither filing requested an extension of the deadline imposed by Rule 4007(c). As the Ninth Circuit stated in *Kennerley*, "[i]n sum, bankruptcy courts cannot extend Rule 4007(c)'s time limit implicitly; they may only extend the time upon timely motion to do so. No such motion was made in this case." *Id.* at 147.

Moreover, in Pagan, the *pro se* creditor/plaintiff subsequently filed an adversary complaint to assert his nondischargeability claim. Bankruptcy Rule 7001(6) provides "[t]he following are adversary proceedings: . . . (6) a proceeding to determine the dischargeability of a debt . . . ." Fed. R. Bankr. P. 7001(6). To date, Coward still has initiated no adversary proceeding in this case, paid no filing fee, and filed no pleading setting out the basis as to why she asserts her claims against the Debtors are nondischargeable pursuant to any provision of 11 U.S.C. § 523(a). The Court recognizes that "the policy of finality and expediency must be balanced against principles of equity so that 'fraud will not prevail…substance will not give way to form [and] . . . technical considerations will not prevent substantial justice from being done.'" *Pagan*, 282 B.R. at 738 (citing *Evans v. Pace (In re Pace)*, 130 B.R. 338, 340 (Bankr. N.D. Fl. 1991)). However, the Court is also mindful that "[t]he consequence of missing the deadline to object is severe. With respect to a Chapter 7 debtor, 'on expiration of the time [ ] fixed for objecting to discharge . . . the court shall forthwith grant the discharge,'" subject to the exceptions in Rule 4007(c)(1). *In re Jenkins*, 784 F.3d 230, 234 (4th Cir. 2015). Those exceptions have not been met in this case, and the Court finds no basis to permit Coward to

initiate an adversary proceeding deemed timely filed under a relation back theory at this late stage of the case.

## CONCLUSION

This is not a case involving a mistitled pleading or minor technical deficiency. Rather, Coward seeks to have the Court construe her motion seeking relief from stay as something it is simply not. It is neither an adversary proceeding to determine the dischargeability of a debt, nor is it a motion for an extension of time to file such a pleading. It is not possible to read the motion for relief in such a way that would satisfy the Rule 7008 pleading standards for a dischargeability complaint. As no timely complaint was filed as to the dischargeability of the Debtors' alleged debt to Coward, any such debt to Coward fell within the general discharge entered on November 23, 2016. For the foregoing reasons, the Court will deny Coward's Amended Motion for Relief of Automatic Stay. As there is no claim filed by the Debtors to which Coward can object, the Objection to Claim will be dismissed.[5]

A separate Order will be entered contemporaneously herewith.

**Decided this 15th day of March, 2017.**

_____
UNITED STATES BANKRUPTCY JUDGE

---

[5] Coward styled her brief as requesting leave to file an adversary complaint, apply the relation back doctrine, and file an "amended formal proof of claim." To the extent those requests are deemed separate motions, they will each be denied as well for the reasons set forth above.